[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CONSENSUAL TERMINATION
On December 13, 2002, the respondent parents Caprice S. (Caprice) and Douglas H. (Douglas) appeared before this court and consented to the termination of their parental rights (TPR) as to their son Hassan H. (Hassan). Both respondents were represented by competent counsel. After a thorough canvass of both Caprice and Douglas, the court accepted both consents. The State then orally amended the petition to allege the sole ground of consent as to both respondent parents.
The State then called Department of Child and Families (DCF) Social Worker Robert McConnell as a witness. He testified that the TPR was based upon the parents' failure to rehabilitate and that Hassan's present foster parent wishes to adopt him if he is available. The social study for the termination of parental rights was also entered as a full exhibit by the State.
On 9/7/99, DCF filed a petition on behalf of Hassan alleging neglect by his parents. On 1/27/00, DCF sought and obtained an Order of Temporary Custody as to Hassan. The OTC was sustained on 2/9/00 (Lopez, J.) and specific steps were ordered as to both respondents.
On 6/8/00, both respondents pled nob condendre to neglect allegations in the petition. Hassan was committed to DCF for one year and the specific steps were confirmed as to both respondents. On 5/2/01, the commitment was extended to 6/8/02.
On 9/12/01, the court (Reynolds, J.) approved of the permanency plan, which called for a transfer of guardianship to a relative. On 5/29/02, the court (Reynolds, J.) extended Hassan's commitment until further order of the court and found that DCF had made reasonable efforts to achieve the permanency plan.
On 11/14/02, DCF filed a TPR petition as to both respondent parents, CT Page 608 alleging;
abandonment, as to both parents;
failure to rehabilitate, as to both parents;
 no ongoing parent/child relationship as to the respondent father; and the parent of the child, under the age of seven years who is neglected or uncared for, who has failed to rehabilitate and who has had their parental rights of another child previously terminated pursuant to a petition filed by the Commissioner of the DCF as to the respondent mother.
The social study covers the respondent parents' past history with DCF. It indicates that Caprice had an extensive history involving physical neglect, substance abuse, lack of food, lack of supervision, medical neglect and sexual abuse. She missed four scheduled appointments for a drug screen. Caprice attended the fifth scheduled appointment and tested positive for marijuana on 8/2/99.
Caprice had a history of leaving her child with caretakers and not providing diapers, formula, clothing, or financial assistance. She had involved herself in domestic violence incidents with Douglas which warranted police intervention. Hassan was present during these incidents.
Douglas is incarcerated on pending charges of Breach of Peace, Assault in the Second Degree, Threatening and Reckless Endangerment in the First Degree resulting from a domestic violence incident with Caprice on 8/16/99. He has pending charges of Breach of Peace, Assault in the Second Degree, Interfering with an Officer and Carrying a Dangerous Weapon resulting from a domestic violence incident with Caprice on 7/23/99.
The court has reviewed the amended petition. This court has jurisdiction over the pending case. Notice of these proceedings has been provided in accordance with the applicable provisions of the Practice Book. No action is pending in any other court affecting custody of Hassan.
This court finds that the State has sustained its burden on the issue of consent against Caprice and Douglas by clear and convincing evidence. Both respondents submitted their consent to the TPR in open court, and were thoroughly canvassed prior to the court accepting each consent.
Consent is obviously a ground for a TPR. See CGS Sec. 17a-112 (a) et al. CT Page 609
CGS Sec. 17a-112 (k) exempts a consensual termination from the necessity of the seven written findings. However, even with a consent, the court must conduct a hearing to determine by clear and convincing evidence that termination is in the best interests of the child.
In the social study, DCF has indicated that Hassan has been abandoned by both Caprice and Douglas, in the sense that they as parents have failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of Hassan. Additionally, DCF also claims Caprice and Douglas, as parents of a child, Hassan, who has been found by the Superior Court to have been neglected or uncared for in a prior proceeding, have failed to achieve such a degree of personal rehabilitation as would encourage the belief that, within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child. DCF further alleges that Douglas has no on-going parent/child relationship with Hassan. Finally, DCF claims that Caprice, as the mother of a child, Hassan, under the age of seven years who is neglected or uncared for, has failed, is unable or is unwilling to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, she could assume a responsible position in the life of the child and her parental rights of another child were previously terminated pursuant to a petition filed by the Commissioner of DCF.
The social study family history section indicates that Caprice was born in 1970 and was raised by a woman that she refers to as her "godmother". She has three brothers and one sister, with whom she did not have a relationship with during her childhood. Caprice' mother died from an epileptic seizure.
Caprice attended public school, but failed to complete high school and left during the eleventh grade. She has never completed her education and is currently unemployed. She has not maintained consistent employment but has had jobs sporadically. Caprice has never been married. She has seven children as a result of relationships with five different men. None of her children are in her care. She has a history with DCF dating back to 1989. The presenting problems were medical neglect, failure to comply/cooperate with services, inadequate housing and utilities, substance abuse, insufficient food, domestic violence, physical abuse, inadequate supervision, educational neglect and sexual abuse. As a result, her parental rights have been terminated on four of her children. One of her children is in the custody of her biological father as ordered by probate court. Her son James is in DCF custody as well. CT Page 610 Hassan is currently placed with his paternal aunt.
Caprice has struggled with substance abuse since DCF's initial involvement in 1989. She tested positive for marijuana during her pre-natal care with James. She has failed to address this issue successfully despite DCF's intervention since 1989. Ms. Saunders reported use of cocaine and marijuana in 4/02.
Caprice has a criminal record for Assault in the Third Degree, Threatening, Breach of Peace and Reckless Endangerment in the First Degree from a domestic dispute with Douglas on 8/16/99. She was arrested on 2/6/02 for Robbery in the Second Degree, Assault in the Third Degree, and Larceny in the Fifth Degree. She was incarcerated from 2/7/02 through 2/21/02 as a result of these charges.
Caprice is currently homeless and admittedly does not have appropriate housing for the child. She has had a history of unstable housing dating back to 1989, and has never been able to appropriately address this issues. She is currently unemployed. She does not have the appropriate financial means to support the child. She has had a history of inconsistent employment dating back to 1989, and has never been able to appropriately address this issue.
Caprice is currently abusing substances. She has reported as recently as 4/02, that she is using marijuana and cocaine. She is currently not involved in any treatment to address her substance abuse issue. She has a history of substance abuse dating back to 1989, and has never been able to successfully complete treatment and remain substance abuse free. Caprice was recently incarcerated and currently involved with the Superior Court regarding expectations of domestic violence treatment in relation to these charges. She is not cooperative with this treatment. She has a history of domestic violence and a criminal history dating back to 1989, and has never completed treatment and, as shown by her current arrest, has not changed her behavior. Caprice admits to non-compliance with service providers currently. She has not visited with the child since 6/02. She has not provided the child with any letters, cards or gifts. She reports that she is in agreement with the child being adopted by the paternal relative and will voluntarily terminate her parental rights as this is in the best interest of the child.
The social history indicates that Douglas was born to Douglas F and Ida May F on 10/4/72, in Brooklyn, New York. He was raised by both of his parents although they are now divorced. He has five brothers and three sisters. Douglas maintains a relationship with his family. He attended school in Brooklyn, New York. He attended Grace Dodge Vocational High CT Page 611 School until the eleventh grade when he dropped out. He has had various temporary employers but he has never maintained a stable consistent job.
Douglas has not been consistent with DCF in his reports of a substance abuse history. Most recently, he acknowledged a history of substance abuse including alcohol and cocaine abuse. He is also inconsistent in his reports to Morris Foundation regarding his history of substance abuse. At one point he reports a history of alcohol use beginning at age 12 and marijuana use beginning at age 15 and later marijuana use beginning at age 18.
Douglas has a significant history of mental health issues. He has a history of outpatient treatment and hospitalization due to his mental health issues dating back to at least 1988. He was hospitalized at one point for over a year. Douglas has been noted to have homicidal ideations and suicidal ideations. He has been diagnosed with Impulse Control Disorder, Antisocial Personality Disorder, Intermittent Explosive Disorder, Antisocial Personality Disorder, Depression and Possible Schizophrenia.
Douglas has been incarcerated since 2/19/02. He has a history of arrests dating back to 1999. Specifically, there are two domestic violence incidents in 1999, involving Caprice. Hassan was present during once of these incidents. He reportedly has numerous incarcerations from New York dating back to 1993. In addition, he was a street gang member while residing in New York.
Douglas has been incarcerated since 2/14/02. As a result, he is unable to parent this child. He has had significant issues with incarceration dating back to 1993. This criminal activity has affected all aspects of his life in that he has been unable to maintain housing, employment and a relationship with his child. He has significant mental health issues. He has been diagnosed with numerous issues as noted earlier. He has been non-compliant with mental health treatment and medication. Douglas has not visited with the child since 1/02. He has not provided the child with any letters, cars or gifts. He reports that he is in agreement with the child being adopted by the paternal aunt and will voluntarily terminate his parental rights as this is in the best interest of the child.
Hassan H was born on 12/98 at St. Mary's Hospital in Waterbury, CT. No issues were noted at birth.
Hassan has been noted to have developmental delays. He was involved in Birth to Three services in the past. He was evaluated in the public school system to determine eligibility for special education, however, he CT Page 612 was not eligible. Currently he is attending Waterbury Family Services' therapeutic nursery. This appears to be an excellent social interaction for him and progression in developmental milestones have been noted.
Currently Hassan is in placement with a paternal relative. He has made significant strides while residing with this family. He has gone from a shy, withdrawn child that did not speak and interact to a happy boy that engages well with the family. His paternal aunt is eager to adopt him should he be legally free for adoption. She is a permanent resource for the child.
Hassan does not have a relationship with his older siblings that were previously terminated. He does have a relationship with his half-brother, James. James recently entered Hassan's placement with the plan for the children to be adopted by Hassan's paternal relative.
There have been no maternal relatives that have come forward since 1989, for any of Caprice's children. Furthermore, no maternal relative has come forward specifically for Hassan. As stated above, Hassan is in placement with his paternal relative.
In their petition, DCF alleged that Caprice and Douglas had abandoned Hassan. In support of this, DCF indicated that Hassan has been in DCF care since 1/00. He has visited with the child sporadically since 1/00. He has never successfully visited with the child on a weekly basis as offered by DCF. He typically visits once to twice a month. He did not visit with the child at all from the time period of 11/24/00 until 5/15/01 and the time period from 6/26/01 until 8/14/01. Douglas arrived late for visits on numerous occasions. His last visit with the child was on 1/23/02. He made no effort to engage the child or DCF for purpose of arranging visits from 1/23/02 until 6/12/02. During a teleconference with Douglas at the ACR held on 6/12/02, Douglas reported that he did not believe it was in the child's best interest to visit due to the fact that he was incarcerated.
Douglas has never contacted the petitioner to show concern for the child or ask to see the child. He has never sent the child any cards, gifts or letters. He has never provided physical care or financial support for the child. He has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child.
Caprice has visited with the child sporadically since 1/00. She did not visit with the child at all from the time period of 11/24/00 until 2/15/01 and the time period from 6/26/01 until 8/14/01. She arrived late for visits on several occasions. She has not visited with the child since CT Page 613 6/02. Caprice has been directed by DCF to meet at the DCF office with the assigned social worker in order to resume visitation with her child. DCF has made arrangements to meet with her early every week since 6/02, in order to discuss and resume a successful visitation plan. Caprice has failed to participate in such a meeting with DCF and has failed to attend every scheduled meeting. She has never sent the child any cards, gifts or letters. She has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child.
In their petition, DCF alleged that Caprice and Douglas had failed to rehabilitate themselves. In support of this, they indicated that on 2/9/00 and 6/7/00, the court issued specific steps for She. On 6/8/00, said child was adjudicated neglected by this court. Caprice has failed to keep all appointments set by or with DCF. She missed two administrative case reviews. Caprice failed to attend court hearings on 12/20/00 and 1/16/02 and in 9/02. She failed to attend countless appointments with service providers for treatment.
Caprice was referred to Waterbury Family Services for individual counseling initially in 10/99. She failed to participate in individual counseling at Waterbury Family Services. She was discharged due to lack of attendance. She failed to participate in individual counseling since the child's placement.
Initially, Caprice was referred to Waterbury Family Services to address domestic violence issues in 10/99. She failed to comply with domestic violence counseling at Waterbury Family Services. She was discharged due to lack of attendance. Caprice was referred to the Women's Emergency Shelter/Safe Haven to address domestic violence issues initially in 2/00. She attended 4 out of 8 DOVE groups around 11/00. She never successfully completed this program. She was directed by DCF to engage in treatment at the Women's Emergency Shelter/Safe Haven again in 3/02, 4/02, 6/02 and 7/02. Caprice failed to engage with treatment following this direction any time after 3/02. She was referred to Morris Foundation for anger management classes initially in 8/99. She was noted to be disruptive in class and boasting about domestic violence incidents with Douglas. She failed to consistently attend anger management classes at Morris Foundation. She was referred to Waterbury Youth Services for anger management classes in 3/02, but failed to cooperate with Waterbury Youth Services any time after 3/02. Caprice failed to comply with Family Violence Education Program as ordered by Superior Court in 2/02, following an arrest relating to domestic violence. She has failed to complete domestic violence counseling/groups since the child's placement. She was referred to the Parent Aid Program in 10/99. She failed to participate in any classes after 1/5/00. Caprice was referred to CT Page 614 Waterbury Youth Services for parenting classes on three separate occasions. Initially She was referred on 2/9/00. In addition to SOS parenting classes, she was offered Healing, AAA, case management and Anger `Awareness Action Group. She failed to cooperate with all services and was discharged on 4/20/00. A second referral was made in 7/00. She failed to cooperate with an intake appointment and was discharged on 10/24/00. A final referral was made on 1/2/02. Again Caprice failed to comply with services and the case was closed on 2/15/02. She was directed by DCF to engage in parenting classes again in 3/02.
Caprice failed to make contact with Waterbury Youth Services following 3/02. She was referred to Waterbury Family Services for parenting classes in 9/00. She failed to complete this course and ultimately withdrew from the class, citing a conflict with work. Caprice failed to provide documentation of employment. She has failed to complete parenting classes since the child's placement. She was referred to the United Way Basic Needs Program. She failed to cooperate with this program. She failed to comply with substance abuse treatment. Caprice was referred to Morris Foundation for evaluation. She completed an evaluation on 8/2/99, after failing to attend on 4 prior occasions. She tested positive for marijuana on 8/2/99 and was recommended for Early Abstimence Group. She failed to complete this program. She was discharged as a result of poor attendance. Caprice tested positive for marijuana on 2/2/00. She completed an evaluation on 2/4/00, which again recommended Early Abstimence. She failed to attend treatment at all. In 4/00, She was referred to CT Counseling for treatment. Caprice failed to attend treatment at all. She completed an evaluation at Morris Foundation on 9/25/00, that recommended the Early Abstimence Program. She failed to comply with treatment on a consistent basis and was discharged for non-compliance in 6/01. She was re-referred to Morris Foundation in 10/01. She failed to engage with Morris Foundation. She was directed by DCF on 3/13/02, 3/20/02 and 4/3/02, to walk in to Morris Foundation to complete hair analysis and urine testing and to schedule an evaluation. Caprice failed to complete this task. DCF offered transportation for She on 7/11/02, to a substance abuse evaluation at Morris Foundation. She was not at the agreed upon meeting place to comply with this service. She failed to comply with Healthy Choices in 11/00. Caprice has failed to complete substance abuse treatment as recommended since the child's placement. She has continued to abuse substances. In 12/01, She admitted to using marijuana. In 4/02 she admitted to use of cocaine and marijuana. She tested positive for marijuana on 5/5/00, 6/13/00 and 7/13/01, during pre-natal care at St. Mary's in regards to Hassan's sibling, James S. On 2/2/00, 10/11/00 and 6/17/02, she tested positive for marijuana at Morris Foundation. She tested positive for marijuana, cocaine, benzoylecgonine, cocaethylene norcocaine on 5/7/02. CT Page 615 Caprice tested positive for cocaine on 4/19/00.
Caprice has failed to secure and maintain adequate housing and income. She has a history of unstable housing including homelessness and unemployment dating back to 1989. She is currently homeless. She reported to DCF that she stays with relatives and friends. She would not disclose these locations but has provided DCF with a mailing address. Caprice is currently unemployed.
Caprice failed to follow recommendations in that she failed to complete individual counseling; parenting classes and substance abuse treatment. She has failed to keep her whereabouts known to DCF. She refuses to provide DCF with her current address. She was incarcerated from 2/7/02 through 2/21/02, and failed to report this to DCF in a timely fashion. Caprice failed to have no further involvement with the criminal justice system. On 2/7/01, she was arrested for Robbery 2, Assault 3 and Larceny 5. She was incarcerated from 2/7/02 through 2/21/02. Caprice failed to visit the child as often as DCF permits. She has had no contact with the child at all since 6/02.
Caprice was advised by the court and by the petitioner on numerous occasions that she needed to address her substance abuse, domestic violence, criminal conduct and homelessness, however she has not been successful in overcoming these problems.
Caprice has not abided by a service agreement dated 12/16/99, in that she has not:
participated in the parent aid program,
re-engaged in substance abuse treatment,
remained substance free,
 begin attending individual counseling at Family Services to address domestic violence,
re-engaged with anger management class, and
followed through with all Specific Steps.
Caprice has not abided by service agreements dated 3/13/02, 3/20/02, 4/3/02 and 6/17/02, in that she has not cooperated with parenting classes at Waterbury Youth Services, individual counseling at Waterbury Family Services, obtained appropriate housing, cooperated with Family Violence CT Page 616 Education Program as ordered by Superior Court, attended visitation, completed DOVE groups at Safe Haven/Women's Emergency Shelter and cooperated with substance abuse evaluation and toxicology testing at Morris Foundation.
In 4/02, Caprice admitted to DCF social worker Katie Churchill that she cannot care for Hassan. She admitted to not having appropriate housing for the child. In addition, she admitted to current substance abuse and failure to comply with court ordered specific steps. Caprice has stated that she will voluntarily terminate her parental rights as a result.
For 12 years, despite the services offered, Caprice has failed to demonstrate that within a reasonable time, considering the child's age and needs, she could assume a responsible position in the child's life.
Caprice has expressed that she is in agreement with the present relative foster parent adopting Hassan.
On 2/9/00 and 6/8/00, the court issued specific steps for Douglas. On 6/8/00, Hassan was adjudicated neglected by this court. He has failed to keep all appointments set by or with DCF. He failed to attend 4 out of 7 Administrative case Reviews. Douglas has failed to attend court on numerous occasions. He has failed to attend numerous appointments with providers. He was referred to Waterbury Youth Services for parenting classes in 3/00. Douglas failed to attend an intake scheduled for 3/8/00. Despite constant reminders from DCF, He failed to engage with Waterbury Youth Services. He was discharged from Waterbury Youth Services in 5/00 due to lack of contact with the agency. He has never completed a parenting class since the child was in placement. Douglas failed to comply with individual counseling at Waterbury Youth Services and Waterbury Hospital Behavior Health. He failed to comply with anger management classes at Waterbury Youth Services. He failed to comply with substance abuse treatment. He was referred to CT Counseling in 2/00. Douglas failed to attend three evaluations. He was never compliant with any treatment at CT Counseling. He was referred to Morris Foundation in 6/00. He failed to attend an evaluation scheduled for 6/21/00, however, he did reschedule this for 6/22/02, at which time intensive outpatient treatment was recommended. Douglas had sporadic attendance during his treatment and was referred to the dual diagnosis program at Waterbury Hospital on 9/27/01, due to cocaine dependency, cannabis dependency and psychotic disorder. He was non-compliant with treatment at Waterbury Hospital. He has failed to complete substance abuse treatment as recommended since the child's placement. He has failed to remain substance free. Douglas admitted to alcohol use in 10/00 and 11/00. CT Page 617
Douglas failed to comply with psychiatric services. He failed to cooperate with treatment at Waterbury Hospital Behavioral Health on a consistent basis. Attendance and medication non-compliance has been an ongoing issue since 8/99. He has never been able to appropriately mange his mental health issues so that he can function in the community.
Douglas has failed to secure and maintain adequate housing and income. He has a history of unstable housing and unemployment since 8/99. There have been more than 7 different housing situations noted since 8/99. He has had repeated incarcerations which have interfered with his ability to remain in the community.
Douglas failed to keep his whereabouts known to DCF. He did not report changes in housing with in a timely fashion. He failed to report incarcerations to DCF. He had further involvement with the criminal justice system. He was arrested for Breach of Peace on 3/2/00. He was incarcerated from 11/27/00-12/27/00, for Failure to Appear, stemming from the Breach of Peace charge. He was arrested on 12/31/00 for Breach of Peace and Interfering/Resisting Arrest. He was sentenced to 1 year jail, 1 year suspended, consecutive, 2 year probation. In relation to this, Douglas reported he was incarcerated, at AIC and on house arrest. He was arrested and has been incarcerated since 2/19/02 for Assault in the First Degree.
Douglas failed to cooperate with domestic violence counseling. He was referred to the Evolve Program at NOW, Inc., through probation. He failed to provide any documentation that he completed this program.
Douglas has failed to visit the child as often as DCF permits. He has had no contact with the child since 1/23/02.
Douglas was advised by the court and by the petitioner on numerous occasions that he needed to address his substance abuse, violence, mental health issues, criminal conduct, lack of parenting skills and homelessness, however he has not been successful in overcoming these problems.
Douglas is unable to care for his child due to his incarceration. He admitted to not being an appropriate resource for the child due to his incarceration, substance abuse issues and mental health issues. Douglas has stated that he will voluntarily terminate his paternal rights as a result.
Douglas was incarcerated on 2/19/02. He has not been sentenced and does not have a release date. He has not provided documentation that he has CT Page 618 cooperated with any services while incarcerated.
For nearly 3 years, despite the services offered, Douglas has failed to demonstrate that, within a reasonable time, considering Hassan's age and needs, he could assume a responsible position in the child's life.
Douglas has expressed that he is in agreement with the present relative foster parent adopting Hassan.
DCF has alleged that there is no on-going parent/child relationship between Douglas and Hassan. They indicate that He last visited with the child on 1/23/02. He has not sent any gifts, cards or letters. Douglas did not celebrate or recognize holidays such as Christmas and the child's birthday. Hassan does not talk about Douglas or reminisce about memories of time spent with Douglas.
Finally, DCF alleges that Caprice, as the mother of Hassan, a child under the age of seven years who is neglected or uncared for, has failed, is unable or is unwilling to achieve such a degree of personal rehabilitation as would encourage the belief that, within a reasonable period of time considering the age and needs of the child, she could assume a responsible position in the life of the child and her parental rights of another child were previously terminated pursuant to a petition filed by the Commissioner of DCF.
Caprice has a history with DCF dating back to 1989. The presenting problems were medical neglect, failure to comply/cooperate with service, inadequate housing and utilities, substance abuse, insufficient food, domestic violence, physical abuse, inadequate supervision, educational neglect, sexual abuse and criminal activity. As a result, her parental rights were terminated regarding Hassan's siblings: Shameeka S., Levonia S., Devon S. and William S. For the past 12 years Caprice has failed work cooperatively with DCF, the juvenile court and service providers to address the following issues: medical neglect, inadequate housing and utilities, substance abuse insufficient food, domestic violence, physical abuse, inadequate supervision, educational neglect, sexual abuse and criminal activity.
It is unlikely that either Caprice or Douglas will rehabilitate in a reasonable period of time. It is likely that neither parent will ever adequately resolve their issues and be able to provide care for the child.
The child has a parent/child bond with his current foster parent. She meets all of his needs. She is his psychological parent. She wishes to CT Page 619 adopt Hassan should he be legally free. Caprice has not visited with the child since 6/02 and Douglas has not visited with the child since 1/02. There is no a parent/child bond with his biological parents.
Hassan is nearly four (4) years old. He has been in foster care for nearly three (3) years. He requires stability and permanency. He is not able to receive this from Caprice and Douglas. Due to his young age, he is extremely dependent upon a responsible, nurturing caregiver. Caprice and Douglas have not displayed these characteristics. Given the child's age and the parents inconsistent level of care and emotional availability, it would be unfair to subject the child to further uncertainty about his future. It is likely that neither parent will ever adequately resolve their issues and be able to provide care for the child.
Caprice has failed to demonstrate the ability to provide adequate care for the child. In her 12 year history with DCF she has failed to address the issues that still exist today. As a result four (4) older siblings have been terminated and one (1) sibling is in the care of the birth father through a probate court action. Over the past nearly three (3) years that Hassan has been in care, she has failed to complete any of the court ordered specific steps.
Douglas has failed to show concern or demonstrate the ability to provide adequate care for the child. Over the past nearly three (3) years that Hassan has been in care, he has failed to address issues as outlined in court ordered specific steps. He is currently incarcerated and unable to care for the child due to his criminal activity. He has significant mental health issues that interfere with his ability to safely parent a child.
Counsel for Hassan indicated that it was in his best interests for the parents' parental rights to be terminated and for Hassan to be adopted. He indicated that Hassan was doing well in his foster home and that it was hoped that the foster parent would adopt him. The AAG agreed with these positions.
DCF social worker Robert McConnell testified that Hassan's foster parent wished to adopt him.
This court agrees with these opinions.
Based upon the evidence produced at the hearing, it is clear that termination of parental rights is in Hassan's best interests. The court finds that the State has proved this by clear and convincing evidence. CT Page 620
Therefore, the court finds that, based upon the credible evidence and testimony presented, that it would be in the best interest of Hassan to terminate Caprice and Douglas' parental rights at this time. This finding is made after considering Hassan's sense of time, his need for a secure and permanent environment, the relationship that he has with his foster parent and the totality of circumstances.
It is accordingly ORDERED that the parental rights of Caprice S. and Douglas H. are hereby terminated as to their child Hassan H. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan shall be submitted in accordance with the law. The court would recommend that primary consideration for adoption of Hassan shall be offered to his current foster parent, if deemed appropriate.
JUDGEMENT MAY ENTER ACCORDINGLY.
 ___________________ Taylor, J.
CT Page 621